| | |
|---|---|
| ROBLEE LARSON-VALENTINE, Plaintiff, v. TRAVELERS COMMERCIAL INSURANCE COMPANY a corporation; and DOES 1-50, Defendant. | Case No.: 19CV1209-GPC(AGS) **ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS CLAIM FOR PUNITIVE DAMAGES AND DUPLICATIVE CAUSE OF ACTION** [Dkt. No. 5.] |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Before the Court is Defendant Travelers Commercial Insurance Company's motion to dismiss claim for punitive damages and the third cause of action as duplicative. (Dkt. No. 5.) Plaintiff did not file an opposition. Based on the reasoning below, the Court GRANTS Defendant's motion to dismiss as unopposed.

## Background

On June 28, 2018, the case was removed to this Court. (Dkt. No. 1.) Plaintiff Roblee Larson-Valentine filed a complaint which alleges three cause of action: (1) breach of contract, (2) contractual breach of the implied covenant of good faith and fair dealing and (3) tortious breach of the implied covenant of good faith and fair dealing for

1

Defendant's failure to indemnify her for property damage due to a broken pipe under her insurance policy. (Dkt. No. 1-4, Compl.)

Defendant moves to dismiss the claim for punitive damages for failure to comply with the pleading standard under Iqbal[1] and Twombly.[2] In addition, Defendant seeks dismissal of the third cause of action as duplicative of the second cause of action citing L&S Enters. v. Sentinel Ins. Co., EDCV 16-1841-SVW-SPx, 2016 WL 10592208, at *2 (C.D. Cal. Oct. 24, 2016) (granting motion to strike second cause of action for contractual breach of the implied covenant of good faith and fair dealing as non-existent or duplicative of third cause of action for tortious breach of the implied covenant of good faith and fair dealing.).

Civil Local Rule 7.1.e.2 requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing (or when otherwise scheduled by the Court). Civ. Local R. 7.1.e.2; Turner v. Berryhill, No. 17CV1130-CAB-BGS, 2018 WL 501010, at *3 (S.D. Cal. Jan. 19, 2018). Failure to comply with the rule "may constitute a consent to the granting of a motion." Civ. Local R. 7.1.f.3.c. Local rules have the force of law, United States v. Hvass, 355 U.S. 570, 574-75 (1958), and courts have discretion to dismiss cases for failure to comply with the local rules. Ghazali v. Moran, 36 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to grant the motion).

Here, the Court issued a briefing scheduling requiring Plaintiff to file an opposition on or before July 26, 2019. (Dkt. No. 6.) Plaintiff did not file an opposition. Therefore, Plaintiff's failure to oppose constitutes a waiver or abandonment of the issues raised in Defendant's motion. See Qureshi v. Countrywide Home Loans, Inc., No. 09–4198, 2010 WL 841669, at *6 n. 2 (N.D. Cal. Mar. 10, 2010) (deeming plaintiff's failure to address,

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).
[2] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

in opposition brief, claims challenged in a motion to dismiss, an "abandonment of those claims") (citing Jenkins v. Cnty. of Riverside, 398 F.3d 1093, 1095 n. 4 (9th Cir. 2005)); Sportscare of America, P.C. v. Multiplan, Inc., No. 2:10–4414, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.").

Here, Plaintiff, with counsel, failed to file an opposition; thus, she has waived or abandoned these claims. The Court GRANTS Defendant's motion to dismiss as unopposed.

## Conclusion

Accordingly, the Court GRANTS Defendant's motion to dismiss the claim for punitive damages and the third cause of action as unopposed. The hearing set on August 23, 2019 shall be **vacated.**

IT IS SO ORDERED.

Dated: August 9, 2019

Hon. Gonzalo P. Curiel
United States District Judge